WILLIAMS (BRAINARD v.). See Case No. 1,804.

WILLIAMS (BUSH v.). See Case No. 2,225.

---

## Case No. 17,718.

WILLIAMS v. BYRNE et al.

[Hempst. 472.] [1]

Circuit Court, D. Arkansas. Aug., 1846.

ORIGINAL AND AUXILIARY BILLS—ENJOINING ACTION AT LAW—JURISDICTION OF FEDERAL COURTS—CITIZENSHIP.

1. A bill to enjoin a judgment in the circuit court is not considered an original bill between the same parties, as at law, but as growing out of, and as auxiliary to, the suit at law.

[Cited in First Nat. Bank of Alexandria v. Turnbull, 16 Wall. (83 U. S.) 195; Christmas v. Russell, 14 Wall. (81 U. S.) 81.]

2. But if other parties are introduced, and different interests involved, it is to that extent an original bill, and the jurisdiction of the court must then depend on the citizenship of the parties; and one of the parties must be a citizen of the state where the suit is brought.

[Cited in Christmas v. Russell, 14 Wall. (81 U. S.) 81.]

3. There is no jurisdiction to entertain a bill to enjoin a judgment at law in the circuit court, brought by a citizen of Tennessee, not a party to the judgment, against a citizen of Mississippi, the plaintiff in the judgment.

[1] [Reported by Samuel H. Hempstead, Esq.]

Bill in equity for an injunction.

Pleasant Jordan, for complainant.
S. H. Hempstead, for Elias E. Byrne.

OPINION OF THE COURT (JOHNSON, District Judge). The complainant, a citizen of the state of Tennessee, has brought this suit in chancery against Elias E. Byrne, a citizen of the state of Mississippi, and Absalom Fowler, Thomas T. Tunstall, and W. W. Tunstall, citizens of the state of Arkansas, and W. B. Miller, whose residence is unknown and not alleged, and thereupon moves for an injunction.

By the eleventh section of the judiciary act of 1789 (1 Stat. 78), this court can entertain jurisdiction of suits at common law or in equity only "where the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state." The complainant being a citizen of Tennessee, and the defendant (Byrne) a citizen of Mississippi, this court has no jurisdiction, unless there is something in the case itself to take it out of the operation of the rule prescribed by the above act. And to do that, the complainant contends that as this is a suit to enjoin proceedings on a judgment at law rendered in this court, in which Byrne was plaintiff, it is not an original bill, but is auxiliary, growing out of and subsidiary to the suit at law. If this position is correct, the jurisdiction of the court is clear enough.

Now it has been held repeatedly, that the defendant in a judgment at law in the circuit court of the United States may file a bill in chancery in the same court to enjoin the plaintiff from proceeding on the judgment, and that such a bill is not to be regarded as an original suit, but only as auxiliary to and springing from the suit at law. Logan v. Patrick, 5 Cranch [9 U. S.] 288; Dunlap v. Stetson [Case No. 4,164]; Dunn v. Clarke, 8 Pet. [33 U. S.] 3.

Is this such a bill? It is not the case of a defendant against whom a judgment has been obtained, invoking the aid of the chancellor to relieve him from it as unjust and inequitable, but it is the case of one who was neither party nor privy to the judgment, seeking to restrain the plaintiff from enforcing it, and also praying a decree for the amount recovered. This bill sets up an equity between the complainant therein and Byrne, the plaintiff in the suit at law, but not between the parties to the judgment. The defendant in the judgment has no interest in the subject-matter of this suit. The bill cannot be said to be auxiliary to the defendant Tunstall's defence, for it is not filed by him; nor has he any interest in any decree that might be made. Is it not, then, an original proceeding? I cannot doubt that it is. In every case in which the courts of the United States have held the bill to be auxiliary to the suit at law, and consequently not original, the de-

fendant at law has become the complainant in chancery.

In Dunn v. Clarke, 8 Pet. [33 U. S.] 3, the supreme court says: "The injunction bill is not considered an original bill between the same parties, as at law; but if other parties are made in the bill, and different interests involved, it must be considered. to that extent at least, an original bill, and consequently the jurisdiction of the circuit court must depend upon the citizenship of the parties." Under the judiciary act, one of the parties must be a citizen of the state where the suit is brought.

Now here the bill is not between the same parties as at law, and moreover an entirely different interest is involved. For all practical purposes, it must be considered as an original bill; and as the complainant David Williams is a citizen of Tennessee, and the defendant Byrne a citizen of Mississippi, this court can take no jurisdiction of the case.

Upon the ground, also, that Williams failed to swear to his bill, without showing any sufficient reason for it, I should not hesitate to overrule the motion for an injunction. ·